McGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00186-DAD-BAM |
| Plaintiff, | |
| v. | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| LESTER EDUARDO CARDENAS FLORES and LUIS MADRIGAL REYES, | DATE: August 10, 2020 TIME: 1:00 p.m. COURT: Hon. Barbara A. McAuliffe |
| Defendants. | |

This case is set for a status conference on August 10, 2020. On May 13, 2020, this Court issued

General Order 618, which suspends all jury trials in the Eastern District of California until further notice

and allows district judges to continue all criminal matters, excluding time under the Speedy Trial Act

with reference to the court's prior General Order 611 issued on March 17, 2020, the court's subsequent

declaration of a judicial emergency based on 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

Order of April 16, 2020 continuing this court's judicial emergency for an additional one-year period and

suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021, with additional findings to support

the exclusion in the Judge's discretion. This and previous General Orders were entered to address

public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

Case 1:19-cr-00186-DAD-BAM   Document 28   Filed 07/29/20   Page 2 of 4

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1] If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  for the change of plea. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

### STIPULATION

4      Plaintiff United States of America, by and through its counsel of record, and defendants, by and

5  through defendants' counsel of record, hereby stipulate as follows:

6      1.      By previous order, this matter was set for a status conference on August 10, 2020.

7      2.      By this stipulation, defendants now move to continue the matter until October 26, 2020,

8  and to exclude time between August 10, 2020, and October 26, 2020, under Local Code T4.

9      3.      The parties agree and stipulate, and request that the Court find the following:

10          a)      Counsel for defendants desire additional time to confer with their clients and

11  conduct further investigation.

12          b)      Counsel for defendants believe that failure to grant the above-requested

13  continuance would deny him/her the reasonable time necessary for effective preparation, taking

14  into account the exercise of due diligence.

15          c)      The government does not object to the continuance.

16          d)      In addition to the public health concerns cited by General Order 617, and

17  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

18  this case because the defendants do not consent to proceed using videoconferencing or telephone

19  conferencing pursuant to General Order 614.

20          e)      Based on the above-stated findings, the ends of justice served by continuing the

21  case as requested outweigh the interest of the public and the defendants in a trial within the

22  original date prescribed by the Speedy Trial Act.

23          f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

24  et seq., within which trial must commence, the time period of August 10, 2020 to October 26,

25  2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) (Local Code

26  T4) because it results from a continuance granted by the Court at defendants' request on the basis

27  of the Court's finding that the ends of justice served by taking such action outweigh the best

28  interest of the public and the defendants in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 28, 2020                          McGREGOR W. SCOTT
                                               United States Attorney


                                               /s/ KAREN A. ESCOBAR
                                               KAREN A. ESCOBAR
                                               Assistant United States Attorney


Dated:  July 28, 2020                          /s/ MICHAEL J. AED
                                               MICHAEL J. AED
                                               Counsel for Defendant
                                               LESTER EDUARDO
                                               CARDENAS FLORES


Dated:  July 28, 2020                          /s/ MARK A. BROUGHTON
                                               MARK A. BROUGHTON
                                               Counsel for Defendant
                                               LUIS MADRIGAL REYES


## ORDER

IT IS SO ORDERED that the Status Conference is continued from August 10, 2020, to **October 26, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:  __July 29, 2020__          ___/s/ Barbara A. McAuliffe___
                                   UNITED STATES MAGISTRATE JUDGE